13-3120 (L)
Bujaj v. Lynch

BIA
Sichel, IJ
A200 126 354/355

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand fifteen.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

KUJTIM BUJAJ, BUJAJ VJOLLCA, AKA
VJOLICA BUJAJ,
> *Petitioners,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*[1]

13-3120(L),
14-819(Con)
NAC

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR PETITIONERS:**        Michael P. DiRaimondo, Melville, New York.

**FOR RESPONDENT:**        Joyce R. Branda, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Gerald M. Alexander, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioners Kujtim and Vjollca Bujaj, natives and citizens of Albania, seek review of: (1) the August 2, 2013, decision of the BIA affirming a September 7, 2011, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Kujtim Bujaj, Vjollca Bujaj*, Nos. A200 126 354/355 (B.I.A. Aug. 2, 2013), *aff'g* No. A200 126 354/355 (Immig. Ct. N.Y. City Sept. 7, 2011); and (2) the February 18, 2014, decision of the BIA denying their motion to reopen, *In re Kujtim Bujaj, Vjollca Bujaj*, Nos. A200 126 354/355 (B.I.A.

2

Feb. 18, 2014).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I.    Merits - Docket Number 13-3120(L)

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).   The applicable standards of review are well established.   8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)(per curiam).  The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163 n.2.  Substantial evidence supports the agency's determination that Petitioners were not credible.

The agency reasonably relied on inconsistencies between Petitioners' testimony and their earlier sworn statements to border officials and asylum officers.  *See also Xiu Xia Lin*, 534 F.3d at 165-67.  As an initial matter, the IJ did not err in finding the typewritten records of Petitioners' earlier

sworn statements reliable. *See Ming Zhang v. Holder*, 585 F.3d 715, 721-25 (2d Cir. 2009). Petitioners' statements were made with the assistance of interpreters, they signed each page of their recorded statements to border officials, and they were read summaries of their accounts during their credible fear interviews (at which Kujtim had counsel). *See id.*

As the IJ noted, in contrast with their asylum claims, Petitioners told officials at their border interview that they did not fear harm in Albania and that they came to the United States to seek employment. *See Xiu Xia Lin*, 534 F.3d at 166 n.3. Furthermore, Kujtim's account of his alleged beating in September 2005 differed between his credible fear interview and his merits hearing. At his interview, he claimed that police detained him in his village, walked him to an abandoned building, and beat him. However, he testified inconsistently at his hearing that police forced him into a car and drove him around for more than one hour before stopping at an abandoned house to beat him. Kujtim also made conflicting statements as to whether his family picked him up from the abandoned house or a stranger drove him home.

4

Vjollca's accounts of the harm she suffered were also inconsistent between her credible fear interview and her merits hearing. She asserted at her interview that police thwarted individuals who attempted to kidnap her, while she testified at her hearing that an unidentified man scared away her attackers. Petitioners failed to provide compelling explanations for their discrepant statements. *See Ming Zhang*, 585 F.3d at 720; *see also Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having questioned Petitioners' credibility, the IJ reasonably relied further on their failure to provide credible evidence to rehabilitate their testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ noted, Kujtim's medical report and letters from the Democratic Party and the Association of the Former Politically Persecuted People of Albania were inconsistent with his testimony regarding the September 2005 incident.

Given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Petitioners' claims for asylum, withholding of removal, and CAT relief. *See*

5

8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).  Accordingly, we do not consider the agency's alternative basis for denying relief.

## II.  Motion to Reopen – Docket Number 14-819(Con)

We review the BIA's denial of Petitioners' motion to reopen for abuse of discretion, and any factual findings for substantial evidence.  *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).  "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).  Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a prima facie case for the underlying substantive relief sought.  *I.N.S. v. Abudu*, 485 U.S. 94, 104-05 (1988).  The BIA did not abuse its discretion in denying Petitioners' motion to reopen.

First, it had previously considered and reasonably rejected on appeal Kujtim's assertion that he was nervous and had difficulty understanding the interpreter at his credible fear interview because that interview was conducted with his

6

counsel present and Kujtim agreed with the contents of the written summary of the interview (which included his inconsistent statements). *See Ming Zhang*, 585 F.3d at 722, 725. Moreover, although Kujtim was informed that he could stop the interview if he did not understand the proceedings, he did not do so.

The BIA also did not err in finding previously available a psychological report related to Kujtim's purported memory issues. *See* 8 C.F.R. § 1003.2(c)(1). Alternatively, the BIA reasonably concluded that the report was not material as it did not rebut the underlying adverse credibility determination. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005). Indeed, the author of the report explicitly stated that his conclusion that Kujtim had poor short term memory concerned his memory only at the time of the evaluation in 2013, and thus, it did not explain Kujtim's inconsistent statements made in 2006. Similarly, the BIA did not abuse its discretion (or violate Petitioners' due process rights) in determining that evidence that the Socialist Party was in power in Albania was immaterial because Petitioners were not credible as to their assertion that Socialists had targeted them on account of their political opinion. *See id.*

7

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8